

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEROMEE SELLS,<br>    Petitioner,<br><br>v.<br><br>T. RULE, WARDEN,<br>FCI TERRE HAUTE,<br>    Respondent, | Case No. 2:23-cv-00026-JMS-MKK<br><br>PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 |

COMES NOW, the Petitioner, Jeromee Sells [Sells], Pro Se, in this Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241. The Petitioner [Sells] has previously exhausted his administrative remedies through the perscribed remedy system in the Program Statement and as outlined in the P.L.R.A. [Prison Litigation Reform Act] until recently when the institution violated the time parameter's set forth in the Statement, making this Motion ripe for filing with the Court to decide.

BACKGROUND

    The Petitioner [Sells] is currently serving a 180-month sentence for violation of 18 USC §922(g)(1) and 21 USC §841(a)(1). He [Sells] has an anticipated GCT [Good Conduct Time] release date of December 10, 2030.

    Upon admission to the Bureau of Prisons, the Petitioner [Sells] was designated a security level and classification score. The 'score' is based on 10 [ten] dynamic factors that look into the inmates past. Points are then assigned based on the assessment performed and a cummulative base score is then awarded that totals all 10 [ten] dynamic factors.

After the base score has been determined, there are 6 [six] additional factors that are scored, referred to as 'custody scoring', where an inmate has the ability to lower his score through positive programming or in the alternative, raise his score through NEgative behavior.

In the Petitioner's [Sells] case, he had a base score awarded totalling 20 points. [see ex.1] He was awarded an additional 20 points in the 'custody scoring' portion, which subsequently lowered his total score by -2 points to a total of 18 points.

Immediately, after reviewing the 'Male Custody Classification Sheet', the Petitioner [Sells] noticed a discrepancy in the point total for the history of 'Violence'. The Bureau of Prisons had scored Petitioner [Sells] as having what they define as a 'Serious' violent charge. Upon review of the Program Statement, it became clear that the Petitioner's previous conviction's only exposed him to be scored as a 'Minor' history of violence.

The Petitioner [Sells] at this point began his administrative remedy procedures by contacting his Unit Team about the issue. On September 11, 2022, the Petitioner [Sells] sent a request to Unit Manager Turner [see ex.2] and an additonal request to Case Manager Foster [see ex.3]. Neither were responded too.

The Petitioner [Sells] then proceeded to file an "Inmate Request To Staff" [see ex.4] on September 16, 2022. A staff member responded to the request, which was dated and signed on September 20, 2022. In the response, the staff member denied the request that this score be changed from a 'serious' to a 'minor', stating "[B]attery involved strangulation, is serious violence." [2008].

Included in the request was the State of Indiana's Misdemeanor Battery statute under IC 35-42-2-1(c), where the State defines battery as a "person who **knowingly** or **intentionally**: Touches another person in a rude, insolent, or angry manner; or, In a rude insolent, or angry manner places any bodily fluid or waste on another person." [see ex.5] In addtion, there was also the Program Statement included [see ex.6] that clearly shows the BOP's

2

own directive to unit teams in regards to scoring issues. The directive is clear, "[E]nter the appropriate number of points that reflect any history of violence, considering only those acts for which there are 'DOCUMENTED FINDINGS OF GUILT'(i.e., DHO, Court, Parole, Mandatory Release, or Supervised Release Violation)."

ARGUMENT

The Petitioner [Sells] has been scored inappropriately in this instance. It has become clear from the Bureau of Prison's own Program Statement/Directive that the Petitioner [Sells] only should have been awarded points for a 'minor' history of violence.

In the aforementioned case [No. 71D080809FD01008], the Petitioner was CONVICTED of a misdemeanor battery charge out of the St. Joseph Circuit Court. [see ex.7] More interesting, this finding was after a jury trial where the Petitioner [Sells] was actually found 'NOT GUILTY' by a jury of peers for the charge he is being given the 'serious' points for in the classification total.

Furthermore, should the Court look at the response from Unit Team [see ex.4], it will see clearly that the reason listed for the serious points is the 'strangulation' charge that the Petitioner [Sells] was actually found NOT GUILTY of.

Clearly, the Bureau of Prisons is now attempting to not only award negative points for conduct not convicted of, but it is now attempting to award points for charges that inmates have been found NOT GUILTY of. This policy completely goes against the spirit of the program statement and it's intent. [see ex.6]

It is the Petitioner's [Sells] argument that he should only be awarded 1 [one]points for a minor history of violence. This point total should change his total points [base points] from a 18 to a 15 [with the violence changing from 4 points, to 1 point for a 'minor' charge].

CONCLUSION

The Petitioner begs the Court for an order directing the Bureau of Prison's to rescore the Petitioner [Sells] using

3

distribution of points and recognizing his criminal history of convictions in the aforementioned case as only being a 'MINOR' conviction, as it is a misdemeanor.

An order GRANTING the Petitioner's [Sells] request would also allow him to access more programming opportunities and ETC's [Earned Time Credits] through the FSA [First Step Act] by lowering his points in his recidivism rate and custody point total.

Should the Court require further briefing in this matter, the Petitioner would request appointment of counsel per the Sixth Amendment and the Criminal Justice Act to aid him. As the Court is well aware, the CJA [Criminal Justice Act] specifically provides that a person who had counsel appointed under the CJA for a felony charge is entitled to be represented at every stage of the proceedings, "including ancillary matters appropriate to the proceedings." 18 USC §3006(c).

RESPECTFULLY SUBMITTED, this 10 day of January, 2023.

*Jeromee Sells*

Jeromee Sells, Pro Se
Reg.No. 17369-027
FCI TERRE HAUTE
PO Box 33
Terre Haute, Indiana 47808